1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYSHIA NICOLE PERRY, | Case No. 1:21-cv-00910-EPG |
| Plaintiff, | ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (ECF No. 21) |
| Defendant. | |

On April 3, 2024, Marc V. Kalgian, counsel for Plaintiff Nyshia Nicole Perry, filed a motion for an award of attorney's fees under 42 U.S.C. § 406(b). (ECF No. 21). Plaintiff and the Commissioner of Social Security were each served with a copy of the motion. (ECF No. 23 at 2-3). Plaintiff has not filed any response to the motion. (*See* Docket). On March 7, 2024, the Commissioner filed a response providing analysis regarding the fee request but taking no position on its reasonableness. (ECF No. 24). The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 12).

For the reasons set forth below, the motion for attorney's fees is granted in the amount of $7,500.00, subject to an offset of $1,500.00 in fees already awarded pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), on July 6, 2022 (ECF No. 19).

//

//

1

**I.   BACKGROUND**

Plaintiff filed the complaint in this case on June 8, 2021. (ECF No. 1).

On May 31, 2022, the parties filed a stipulation for voluntary remand for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF No. 15). On June 1, 2022, the Court entered an order approving the parties' stipulation and entering judgment in favor of Plaintiff. (ECF No. 16). On July 6, 2022, pursuant to the parties' stipulation, the Court entered an order awarding Plaintiff $1,500 in EAJA fees. (ECF Nos. 18, 19).

On remand, the Commissioner calculated Plaintiff's past-due benefits at $98,520 and 25%, *i.e.*, $24,630.00, was withheld to pay Plaintiff's representative. (ECF No. 21-3 at 3). This matter is now before the Court on counsel's motion, seeking an award of $7,500.00. (ECF No. 21).

**II.   DISCUSSION**

Under the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [§ 406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) fee award is not paid by the Government, the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimant[]." *Gisbrecht*, 535 U.S. at 798 n. 6. The goal of awarding fees under § 406(b) was to prohibit "exorbitant fees" from being collected by attorneys but also to provide sufficient fee awards "to encourage adequate representation of claimants." *Crawford*, 586 F.3d at 1149 (internal citations omitted).

2

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (holding that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (noting that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, Plaintiff's counsel seeks an award of $7,500.00 under 42 U.S.C. § 406(b) for 8.45 total hours of attorney and paralegal time.[1] (ECF No. 26 at 16; ECF No. 26-4). The requested amount is approximately equivalent to 7.61% of the past due benefits payable to Plaintiff.

The fee agreement signed by Plaintiff at the outset of litigation specifically provides for a fee of "25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration" as well as a "separate" fee equal to "25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court." (ECF No. 21-1). Counsel Kalagian states in his declaration that he intends to seek additional fees under 42 U.S.C. § 406(a), but that the "aggregate of all fees received by counsel

---

[1] Based on the itemized time entries, 5.05 hours were expended by Counsel Marc Kalagian, while 3.4 hours were expended by two paralegals, Mayra Pulido and Enny Perez. (ECF No. 21-4 at 1-2).

1    from administrative and Court awards will not exceed the withholding in this case." (ECF No. 21

2    at 16).

3          The Court has considered the character of counsel's representation of Plaintiff and the

4    good results achieved by counsel, which includes an award of benefits. Here, the record of 8.45

5    hours expended in this matter is supported by itemized time entries. (ECF No. 21-4). Counsel's

6    requested award of $7,500.00 for 8.45 hours of legal services, results in an approximate combined

7    hourly rate for attorney and paralegal time of $887.57. The Ninth Circuit has found similar and

8    higher effective hourly rates reasonable in social security contingency fee arrangements. *See, e.g.,*

9    *Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective

10   hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part).

11   Moreover, while Plaintiff's counsel intends to see additional fees for his work before the agency,

12   the attorney fee request of $7,500.00 for work before this Court is approximately equivalent to

13   7.61% of Plaintiff's past-due benefits. The time expended resulted in the parties' stipulation to

14   remand for a further hearing where Plaintiff was awarded benefits. There is no indication that a

15   reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as

16   counsel secured a successful result for Plaintiff. There also is no evidence that counsel engaged in

     any dilatory conduct resulting in delay.

17         In making this determination, the Court recognizes the contingent-fee nature of this case

18   and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District

19   courts generally have been deferential to the terms of contingency fee contracts in § 406(b)

20   cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to

21   represent claimants pursuant to a contingent fee agreement assume the risk of receiving no

22   compensation for their time and effort if the action fails. *Id.* Here, Plaintiff's counsel accepted the

23   risk of loss in representing Plaintiff throughout this matter, Plaintiff agreed to the contingent fee,

24   and counsel successfully secured a remand and an award of substantial benefits to Plaintiff.

25         An award of attorney fees pursuant to § 406(b) in the amount of $7,500.00 is thus

26   appropriate. An award of § 406(b) fees, however, must be offset by any prior award of attorney

27   fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was

28

previously awarded $1,500.00 in fees pursuant to the EAJA, and counsel agreed to refund these fees. (ECF No. 21-1).

### III.   CONCLUSION AND ORDER

For the reasons stated above, IT IS ORDERED that the motion for attorney fees (ECF No. 21) is GRANTED as follows:

1.  The Court authorizes attorney fees under 42 U.S.C. § 406(b) in the amount of $7,500.00 payable to the Law Offices of Lawrence D. Rohlfing, Inc., CPC out of Plaintiff's past-due benefits in accordance with agency policy.

2.  Plaintiff's counsel is directed to reimburse Plaintiff $1,500.00 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) upon the receipt of these fees.

3.  Plaintiff's counsel is directed to serve a copy of this order on Plaintiff and shall thereafter file a certificate of service on the docket.

IT IS SO ORDERED.

Dated:   **May 16, 2024**                     /s/ _Erica P. Grosjean_
                                        UNITED STATES MAGISTRATE JUDGE